IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD FRANK HOWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-295-WKW |
| | ) | [WO] |
| NICOLE NELSON, QUALITY | ) | |
| CORRECTIONAL HEALTH | ) | |
| SERVICES, DR. GURLEY, and | ) | |
| WARDEN CROSBY,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Richard Frank Howell, Jr., while incarcerated at the Elmore County Jail in Alabama, filed this *pro se* complaint under 42 U.S.C. § 1983 against Nicole Nelson, Quality Correctional Health Services, Dr. Gurley, and Warden Crosby.[2] (Doc. # 1 at 2–3.) The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Based upon this screening, Plaintiff's complaint contains pleading deficiencies that must be remedied before this action can proceed.

---

[1] The Clerk of Court is DIRECTED to amend the electronic case caption to add Dr. Gurley and Warden Crosby as Defendants.

[2] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated his § 1983 complaint "4-14-25." (Doc. # 1 at 6.)

To correct the pleading deficiencies, Plaintiff will be permitted to amend the complaint.

## I.  STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP).  (Doc. # 5.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  The complaint also is subject to screening under § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[3]

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit

---

[3] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

and claims of infringement of a legal interest which clearly does not exist." *Id.* (citation omitted).

A court also may dismiss a claim as frivolous under § 1915(e)(2)(B)(i) and § 1915A(b)(1) if it lacks an arguable basis in fact. *Toussaint*, 2025 WL 2237376, at *3 (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (cleaned up).

Moreover, a complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

3

allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, *pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.  THE COMPLAINT'S ALLEGATIONS

According to the form complaint, Plaintiff alleges:

My diagnosis is known here [at the Elmore County Jail,] and I am still being denied mental health treatment.

. . . .

I was transported here from Tallapoosa County. I was on my medication[.] I have been refused my medication or any treatment. I am not even being allowed a medical request for me. My rights are being violated and laws are being broken.

(Doc. # 1 at 4.) Plaintiff also claims that Defendants violated his constitutional rights by denying him access to his "medication already prescribed." (Doc. # 1 at 3.)

Plaintiff alleges the violations began on March 30, 2025, and are "still occurring." (Doc. # 1 at 4.) He sues Nicole Nelson, Dr. Gurley, and Warden Crosby in their official capacities and also sues Quality Correctional Health Services (QCHS). (Doc. # 1 at 2–3.) Plaintiff identifies Nicole Nelson as a charge nurse for QCHS. (Doc. # 1 at 1.)

For relief, Plaintiff states:

I want my medical and mental health rights to be honored. I would like a[n] ADA lawyer to step in and take this case and make this facility to obey disability laws they are required to follow. I would also like to be compensated for every day I have been denied my treatment.

(Doc. # 1 at 5.) Liberally construed, these requests are taken as including demands for both injunctive relief and monetary damages.

### III. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The Fourteenth Amendment to the United States Constitution prohibits "[d]eliberate indifference to a prisoner's serious medical needs." *Wingo v. WellStar Health Sys., Inc.*, ___ F.4th ___, 2025 WL 3442596, at *4 (11th Cir. Dec. 1, 2025). As explained in *Wingo*, "To establish liability on a deliberate indifference

claim, a plaintiff must demonstrate that: (1) the injured party suffered a deprivation that was objectively 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Id.* (quoting *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc)). "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Id.* (quoting *Wade*, 106 F.4th at 1262. Furthermore, Eleventh Circuit "caselaw recognizes that a nonmedical officer cannot be held liable for deliberate indifference if he reasonably relies on the opinion of a medical officer in his treatment of a detainee or inmate." *Id.*

## A.  **Quality Correctional Health Services (QCHS)**

The complaint fails to state a 42 U.S.C. § 1983 claim against QCHS. It seems that Plaintiff sues QCHS as the healthcare provider at the Elmore County Jail. "[W]hen a private entity contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under [§] 1983." *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). To state a § 1983 claim against a municipality, and thus against QCHS, Plaintiff must allege that QCHS "had a policy or custom of deliberate indifference that led to the violation of his constitutional right." *Id.*

The complaint's allegations fail to show a custom or policy of deliberate indifference by QCHS that would support a § 1983 claim. The claims, which include the denial of mental health treatment and medication, lack a factual basis to suggest that the actions or omissions resulted from a QCHS policy or custom. The complaint fails to identify any specific custom or policy of QCHS that led to the denial of treatment, nor does it explain how such a custom or policy amounted to deliberate indifference to Plaintiff's constitutional rights. Without these allegations, the claim against QCHS lacks the necessary foundation to proceed under § 1983 for a Fourteenth Amendment violation alleging deliberate indifference to Plaintiff's serious medical needs. Therefore, the complaint is deficient as it stands. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

## B.    <u>The Individual Defendants</u>

The complaint also fails to state a 42 U.S.C. § 1983 claim against the individual Defendants—Nicole Nelson, Dr. Gurley, and Warden Crosby—due to the absence of any factual allegations demonstrating how these Defendants were deliberately indifferent to Plaintiff's serious medical needs.[4] Such factual allegations are required to ensure that Defendants receive fair notice of the claims against them and the grounds upon which those claims rest. *See Bell Atl. Corp. v. Twombly*, 550

---

[4] It is presumed for present purposes that each individual Defendant is a state official for purposes of § 1983. However, Plaintiff should clarify in any amended complaint with whom Dr. Gurley is affiliated, with QCHS or another entity, or should state that he does not know.

U.S. 544, 555 (2007) (stating that a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (affirming the dismissal of claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim where the complaint alleged a constitutional violation but lacked facts connecting three defendants to the violation).

The complaint's allegations are generalized and do not specify the involvement or conduct of each individual Defendant. The complaint merely states that Plaintiff was denied mental health treatment and medication but fails to detail how each Defendant contributed to or was responsible for these denials. Without such allegations, Defendants cannot discern their alleged roles or responsibilities in the purported constitutional violations, rendering the complaint insufficient under the standard set forth by *Twombly*. Absent these critical allegations, the complaint does not meet the necessary pleading standards to state a § 1983 claim for a Fourteenth Amendment violation alleging deliberate indifference to his serious medical needs and thus is subject to dismissal. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1).

Furthermore, Plaintiff cannot obtain monetary damages from the individual Defendants—Nicole Nelson, Dr. Gurley, and Warden Crosby—in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, official-capacity

lawsuits are "in all respects other than name . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  For this reason, the Eleventh Amendment bars 42 U.S.C. § 1983 actions seeking monetary damages brought in federal court against state officers in their official capacities.  *See Will*, 491 U.S. at 66–71; *accord Cross v. Ala. State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995).  The only exceptions are where the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)); *see also* Ala. Const. Art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.").  Because Plaintiff's official-capacity claims for monetary damages against the individual Defendants are tantamount to claims against the State of Alabama itself, they are subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).

Finally, if Plaintiff amends the complaint to seek monetary damages from Defendants in their individual capacities, the amended complaint's allegations will have to overcome qualified immunity.  More specifically, pre-service dismissal "is

appropriate . . . where qualified immunity is apparent on the face of a complaint." *Barcelona v. Burkes*, 2022 WL 15137410, at *2 (11th Cir. Oct. 27, 2022); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (providing that the court must dismiss a complaint filed by a prisoner proceeding IFP if it seeks monetary relief "against a defendant who is immune from such relief").  "Qualified immunity protects government officials performing discretionary duties from suit 'unless they violate a statutory or constitutional right that was clearly established at the time the alleged violation took place.'" *Barcelona*, 2022 WL 15137410, at *2 (quoting *Gilmore v. Hodges*, 738 F.3d 266, 272 (11th Cir. 2013)).  If the government official was performing discretionary duties, he "is entitled to qualified immunity unless: (1) he clearly violated the plaintiff's constitutional rights, and (2) the violated constitutional right was clearly established." *Id.* (citing *Waldron v. Spicher*, 954 F.3d 1297, 1304 (11th Cir. 2020)).

## C.    Amendment to the Complaint

Notwithstanding the pleading deficiencies in the complaint and in light of Plaintiff's *pro se* status, he will be given an opportunity to amend his complaint. "[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted).

## IV.    CONCLUSION

Based on the pleading deficiencies identified in this Memorandum Opinion and Order, it is ORDERED that Plaintiff must file an amended complaint on or before **January 5, 2026**.  The amended complaint must:

1. Include only those Defendants whom Plaintiff contends are personally responsible for alleged constitutional violations;

2. Identify the constitutional rights that allegedly were violated;

3. Specify the actions or omissions of each Defendant that allegedly led to the alleged violations;

4. Describe when and where these violations occurred;

5. Describe how the acts or omissions of each Defendant harmed him;

6. Identify any custom or policy of deliberate indifference by QCHS; and

7. Clearly state the specific relief sought and ensure that no monetary relief is sought from individual Defendants in their official capacities.

To reiterate, the amended complaint must provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2).  It must go beyond mere "labels and conclusions" and provide a factual basis for each claim. *Twombly*, 550 U.S. at 555.

To assist Plaintiff, the Clerk of Court is directed to provide a copy of the form used by prisoners to file § 1983 actions.  **Plaintiff must use the form in filing his amended complaint.**  The amended complaint will replace the original complaint, and this action will proceed only with Defendants named and the claims presented in the amended complaint.

The amended complaint also will undergo screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  If it states potential claims for relief, an Order regarding service of process will be entered.

Plaintiff is expressly CAUTIONED that a failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.  Additionally, failure to file an amended complaint will result in dismissal of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

DONE this 3rd day of December, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE