IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD FRANK HOWELL, JR., ) <br> AIS # 176250, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NICOLE NELSON, QUALITY ) <br> CORRECTIONAL HEALTH CARE ) <br> SERVICES, DR. GURLEY, and ) <br> WARDEN CROSBY,[1] ) <br> ) <br> Defendants. ) | CASE NO. 2:25-CV-295-WKW <br> [WO] |

## ORDER

Plaintiff Richard Frank Howell, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) On page 6 of his complaint, Plaintiff affixed his signature underneath the following statement: "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." (Doc. # 1 at 6.) Furthermore, with his complaint, Plaintiff filed an application to proceed *in forma pauperis* (Doc. # 2), which was granted by Order dated July 8, 2025 ("July 8 Order"). (Doc. # 5.) Per the July 8 Order,

---

[1] Plaintiff brought this action against four Defendants—Nicole Nelson; Quality Correctional Health Care Services; Dr. Gurley; and Warden Crosby. However, only two Defendants—Nicole Nelson and Quality Correctional Health Care Services—are listed on the electronic docket sheet.

"Plaintiff must inform the Court and Defendants (or Defendants' counsel) of any change in his address within fourteen (14) days following a change of address." (Doc. # 5 at 3.) The July 8 Order also expressly cautioned Plaintiff that his failure to comply with any portion of the Order would result in dismissal of this action for failure to prosecute and comply with an Order of the court. (Doc. # 5 at 3.)

On December 3, 2025, the court issued a Memorandum Opinion and Order instructing Plaintiff to file an amended complaint by January 5, 2026. (Doc. # 6.) But, on December 19, 2025, mail sent to Plaintiff containing the Memorandum Opinion and Order was returned as undeliverable with the notation "Return to Sender, Refused, Unable to Forward." (Doc. # 7 at 2.) At the time Plaintiff filed his complaint, he was incarcerated at the Elmore County Jail in Wetumpka, Alabama. However, a search for Plaintiff using the inmate-locator database managed by the Alabama Department of Corrections (ADOC) shows that he was admitted to Elmore Correctional Facility on November 20, 2025. *See Search for Inmates…*, Ala. Dep't of Corr., https://www.doc.alabama.gov/inmatesearch.aspx (last visited Jan. 20, 2026).

Based on the return of Plaintiff's mail sent to the Elmore County Jail and the search results from the ADOC's inmate locator, it is evident that Plaintiff has not provided a change of address, despite his agreement to do so upon signing his complaint and the requirement set forth in the July 8 Order. Additionally, the July

2

8 Order warned Plaintiff that his failure to update his address would result in dismissal of this action.  Given Plaintiff's failure to comply with the July 8 Order and his apparent lack of interest in pursuing his action, it will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*,

3

143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with the July 8 Order, despite its express directives and warnings. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

The Clerk of Court is DIRECTED to mail a copy of this Order to Plaintiff at Elmore Correctional Facility.

Final Judgment will be entered separately.

DONE this 20th day of January, 2026.

          /s/ W. Keith Watkins
         UNITED STATES DISTRICT JUDGE